[Crim. No. 686.   First Appellate District.—September 17, 1917.]

THE PEOPLE, Respondent, v. JOE SILVAS, Appellant.

CRIMINAL LAW—RECEIVING STOLEN PROPERTY—CONSTRUCTIVE DELIVERY —VENUE OF ACTION.—In a prosecution for receiving stolen property with knowledge of its stolen character, a constructive delivery thereof to the defendant, who undertook to sell the same in another county, is sufficiently shown to give the superior court of the county in which the property was stolen jurisdiction of the action, where the thief took the property to a transportation company for

shipment, had the shipping receipt issued in the the name of defendant and delivered it to him, together with a key to the suitcase in which the property was contained.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge.

The facts are stated in the opinion of the court.

Thomas F. Lopez, and Henry Brickley, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was convicted of the offense of receiving stolen property knowing the same to have been stolen, and appeals from the judgment and from an order denying his motion for a new trial.

The evidence discloses that the defendant met one Demas, with whom he had some prior acquaintance, in a poolroom in Fresno, and in conversation with him learned that Demas intended to make a visit to Stockton for the purpose of selling some "stuff." The defendant thereupon, without inquiry as to the nature or value of the articles to be disposed of, stated that he was going to Stockton, and would save Demas the trouble of journeying to that place by undertaking to sell them himself. The property, consisting of cameras and inexpensive jewelry recently stolen from a local store, was contained in a suitcase. Demas took it to a transportation company for shipment to Stockton, had the shipping receipt issued in the name of the defendant, and delivered it to him, together with the key to the suitcase. The defendant went to Stockton, and when there he employed a messenger boy to procure the suitcase from the office of the carrier, who in the course of the execution of his commission was confronted by peace officers on the lookout for the claimant of the suitcase, and the arrest of the defendant followed. It also appears from the record somewhat vaguely that the defendant and Demas had been engaged in a somewhat similar transaction in another part of the state.

Four points are presented upon this appeal. The first is that the evidence does not show such a delivery of the property to the defendant in the county of Fresno as to bring the

case within the jurisdiction of the superior court of that county. We are, however, satisfied that the proof presented on behalf of the prosecution to the effect that Demas delivered to the defendant the shipping receipt which had been obtained by him from Wells, Fargo & Co., the carrier, and at the same time delivered to the defendant the key to the suitcase, was sufficient to show a constructive delivery of the property to the defendant in the county of Fresno, and thus to give the superior court of that county jurisdiction of the case.

The second point relates to the instruction of the court bearing upon the same question; and of course it follows that if the evidence was sufficient to show a constructive delivery of the property to the defendant, the instruction of the court to the jury to that effect correctly stated the law.

The third point is that the evidence is insufficient to show that the defendant received the property knowing the same to have been stolen. Upon this point the evidence is circumstantial, but is on the whole, we think, sufficient to have warranted the jury in finding that the defendant either knew the goods to have been stolen at the time he received the same, or that the circumstances under which he received them and agreed to dispose of them were so suspicious as to have required the defendant to inquire into the source of Demas' possession of the same before receiving from him and undertaking to dispose of them in a distant city.

The final point made by the defendant is that the court erred in permitting the cross-examination of the defendant as to his previous acquaintance with Demas, and particularly as to the details of a transaction between him and Demas of a suspicious nature in the city of Oakland upon a prior occasion. It is sufficient to say that the defendant in his examination upon his own behalf testified that he had known Demas prior to this transaction, and that this would be sufficient to have warranted his examination as to the extent of that acquaintance and of the past transactions between the pair.

Finding no merit, therefore, in these four contentions, the judgment and order are affirmed.